IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF SOUTH CAROLINA
CIVIL ACTION NO.  2:19-cv-00057-DCN

| | |
|---|---|
| FENWICK COMMONS ) <br> HOMEOWNERS ASSOCIATION, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PENNSYLVANIA NATIONAL MUTUAL ) <br> CASUALTY INSURANCE COMPANY, ) <br> PORTRAIT HOMES-SOUTH CAROLINA, LLC, ) <br> PORTRAIT HOMES-FENWICK COMMONS, ) <br> LLC, JJA CONSTRUCTION, INC. D/B/A ) <br> JJA FRAMING, JJA CONSTRUCTION, INC. ) <br> D/B/A JJA FRAMING COMPANY, ) <br> JOSE CASTILLO D/B/A JJA FRAMING, and ) <br> JOSE CASTILLO D/B/A JJA FRAMING ) <br> COMPANY, ) <br> ) <br> Defendants. ) | **NOTICE OF REMOVAL** <br> **(DIVERSITY OF CITIZENSHIP)** <br> **28 U.S.C. § 1446(a)** |

**TO:    THE HONORABLE DISTRICT COURT OF THE UNITED STATES FOR
          THE DISTRICT OF SOUTH CAROLINA**

The Defendant, Pennsylvania National Mutual Casualty Insurance Company (hereinafter, "Penn National"), by and through counsel, hereby gives notice pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446 that it has removed the action entitled *Fenwick Commons Homeowners Association, Inc. v. Pennsylvania National Mutual Casualty Insurance Company* et al., from the Court of Common Pleas, Ninth Judicial Circuit, County of Charleston, South Carolina, File No. 2018-CP-10-5629 (the "State Court Action"), to the United States District Court for the District of South Carolina.  A copy of this Notice of Removal is being filed with the Clerk of the Charleston County Court of Common Pleas, where the action is currently pending, in order to

20701228.v1

1

effect removal pursuant to 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(d), the State Court Action shall proceed no further unless and until this case is remanded.

## Grounds for Removal

1. This action was filed in the Court of Common Pleas, Ninth Judicial Circuit, County of Charleston, South Carolina on November 27, 2018. A copy of the entire contents of the Charleston County file is attached hereto as **Exhibit 1**.

2. The Complaint in the State Court Action was received by Penn National, at the earliest, on December 7, 2018. This Notice of Removal is being filed within 30 days of the date that the Complaint was received by Penn National. 28 U.S.C. §§ 1446(b).

3. This civil action seeks declaratory relief, requesting an Order declaring the rights of the parties under certain policies of insurance issued by Penn National to Defendants JJA Construction, Inc. d/b/a JJA Framing, JJA Construction, Inc. d/b/a JJA Framing Company, Jose Castillo d/b/a BA Framing, and Jose Castillo d/b/a JJA Framing Company (collectively, the "JJA entities"), in regards to the claims made against the JJA entities as well as Defendants Portrait Homes - South Carolina, LLC and Portrait Homes-Fenwick Commons, LLC (collectively, the "Portrait entities") in an underlying construction defect action filed by Plaintiff Fenwick Commons Homeowners Association, Inc. (hereinafter, "Fenwick Commons") against the JJA entities and Portrait entities. Specifically, in this action, Fenwick Commons requests a declaration that Penn National is required to insure and indemnify the JJA entities (as insureds under the Penn National policies) and the Portrait entities (as additional insureds under the Penn National policies) against the claims against them in the underlying action. *See* Compl., ¶¶ 10–14, 23.

4. This case is removable under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Plaintiff Fenwick Commons is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in Charleston County, South Carolina. Compl. ¶ 1.

6. Defendant Penn National is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Pennsylvania. Compl. ¶ 2.

7. Defendants JJA Construction, Inc. d/b/a JJA Framing and JJA Construction, Inc. d/b/a JJA Framing Company are both corporations organized and existing under the laws of the State of North Carolina, and Defendant Jose Castillo d/b/a JJA Framing and Jose Castillo d/b/a JJA Framing Company is a citizen and resident of the State of North Carolina. Compl. ¶¶ 5–8.

8. Each of the Portrait entities are limited liability companies organized under the laws of the State of Illinois. Compl. ¶¶ 3–4.  The principal place of business for Portrait Homes - South Carolina, LLC is located in Burr Ridge, Illinois; and the principal place of business for Portrait Homes – Fenwick Commons, LLC is located in Willowbrook, Illinois. The sole manager of both Portrait entities is Pasquinelli Management, LLC, which is also a limited liability companies organized under the laws of the State of Illinois with its principal place of business in Burr Ridge, Illinois.  The sole managers of Pasquinelli Management, LLC are Bruno A. Pasquinelli and Anthony R. Pasquinelli, who are both residents and citizens of the State of Illinois.

9.  Accordingly, Plaintiff Fenwick Commons is a citizen of South Carolina, Defendant Penn National is a citizen of Pennsylvania, the JJA entities are citizens of North Carolina, and the Portrait entities are citizens of Illinois; and so there is complete diversity of citizenship between Plaintiff Fenwick Commons and all of the defendants as currently named in this action.

10. Furthermore, to the extent that the JJA entities or the Portrait entities do not appear in this action or do not consent to the removal of this action, the consent of such parties to the removal of this action is not required because the JJA entities and the Portrait entities are aligned in interest with Plaintiff Fenwick Commons in this action, and therefore, should be realigned as party plaintiffs with Plaintiff Fenwick Commons. *See e.g. Herbalife Intern., Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 5:05cv41, 2006 WL 839515 (N.D.W. Va. Mar. 30, 2006) (not reported) (citing *Smilgin v. N.Y. Life Ins. Co.*, 854 F. Supp. 464 (S.D. Tex. 1994)) ("[P]arties that are aligned in interest with the plaintiff are not required to join or consent to the removal."); *Universal Concrete Prod. Corp. v. Peerless Ins. Co.*, No. CIV. A. CCB-08-00317, 2008 WL 4104171 (D. Md. Aug. 21, 2008); *Wayne J. Griffin Elec., Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 1:13CV882, 2014 WL 842983 (M.D.N.C. Mar. 4, 2014).

11. The JJA entities' and the Portrait entities' interests in this action are aligned entirely with the interests of Plaintiff Fenwick Commons.  Plaintiff Fenwick Commons filed the underlying litigation against the JJA entities seeking damages for alleged construction defects in Fenwick Commons. Compl. ¶¶ 10 and 21.  Plaintiff Fenwick Commons filed this action seeking a declaration that coverage should be afforded to the JJA entities (as insureds) and the Portrait entities (as purported additional insureds) under the Penn National policies for

the claims against the JJA entities and the Portrait entities in the underlying litigation. Plaintiff Fenwick Commons and the JJA entities (as insureds under the Penn National policies) and the Portrait entities (as purported additional insureds under the Penn National policies) have the same interest in seeking a determination that coverage should be afforded under the Penn National policies for the claims against the JJA entities and the Portrait entities in the underlying litigation. *See Marsh v. Cincinnati Ins. Co.*, No. CIV.A.4:08-CV2441RBH, 2008 WL 4614289 (D.S.C. Oct. 15, 2008) (finding that the interests of the insured in an insurance coverage action were aligned with the interests of the plaintiff in the underlying action for which a coverage determination was sought in the coverage action such that the parties should be realigned for purposes of diversity of citizenship); *see also U.S. Fid. & Guar. Co. v. A & S Mfg. Co.*, 48 F.3d 131 (4th Cir. 1995) (finding that an insurer should be realigned opposite its insured in an insurance coverage declaratory judgment action); *Grand China Buffet & Grill, Inc. v. State Auto Prop. & Cas. Co.*, No. 1:16CV159, 2016 WL 6078343, at *7 (N.D.W. Va. Oct. 17, 2016) ("Typically, the interests of the insured and the tort claimant are aligned when seeking a declaratory judgment regarding coverage.") (citing *Am. Cas. Co. of Reading, Pa. v. Howard*, 173 F.2d 924, 926 (4th Cir. 1949)).

12.     Accordingly, to the extent that the JJA entities or the Portrait entities do not appear in this action or do not consent to the removal of this action, the JJA entities and the Portrait entities should be realigned as party plaintiffs in this action along with Plaintiff Fenwick Commons, and so the consent of the JJA entities or the Portrait entities to the removal of this action is not required.

13.     Furthermore, to the extent that the JJA entities and the Portrait entities are realigned as party plaintiffs in this action, there continues to be complete diversity of citizenship

because Plaintiff Fenwick Commons is a citizen of South Carolina, the realigned party plaintiff JJA entities are citizens of North Carolina, the realigned party plaintiff Portrait entities are citizens of Illinois, and Defendant Penn National is a citizen of Pennsylvania.

14.     The amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs, inasmuch as Plaintiff Fenwick Commons' Complaint seeks a declaration of coverage under the Penn National policies with cumulative limits of coverage in excess of $1,000,000 for the claims asserted against the JJA entities and the Portrait entities in the underlying construction defect litigation.  The underlying litigation includes claims of negligence, breach of warranty, and unfair trade practices in relation to the alleged defects in the construction of the townhome community located in Charleston, South Carolina, based upon the allegation that Plaintiff Fenwick Commons has been damaged and will be required to expend large sums of money to repair, correct, and replace various parts and components of the townhomes and reconstruct major portions of the townhomes.[1]

15.     Copies of this Notice are being served on all adverse parties and a copy hereof is being filed with Clerk of the Charleston County Court of Common Pleas, all in accordance with the provisions of 28 U.S.C. § 1446(d).

16.     A copy of the Notice of Filing of Notice of Removal to be filed in the Court of Common Pleas, Ninth Judicial Circuit, County of Charleston, South Carolina, is attached hereto as **Exhibit 3**.

---

[1] A true and accurate copy of the Amended Complaint in the underlying construction defect litigation is attached hereto as **Exhibit 2**.

WHEREFORE, Defendant Pennsylvania National Mutual Casualty Insurance Company hereby removes the State Court Action to the United States District Court for the District of South Carolina.

This the 7th day of January, 2019.

                                         GOLDBERG SEGALLA LLP

                                         /s/ John I. Malone, Jr.
                                         John I. Malone, Jr. (S.C. Federal Bar No. 12047)
                                         David G. Harris II (S.C. Federal Bar No. 12039)
                                         800 Green Valley Road, Suite 302
                                         Greensboro, North Carolina  27407
                                         Telephone:  336.419.4910
                                         Facsimile:  336.419.4950
                                         jmalone@goldbergsegalla.com
                                         dharris@goldbergsegalla.com

                                         *Attorneys for Defendant Pennsylvania National Mutual Casualty Insurance Company*

## **CERTIFICATE OF SERVICE**

  The undersigned attorney hereby certifies that a copy of the foregoing Notice of Removal was served upon all counsel of record via first class mail, postage prepaid, addressed as follows:

Phillip W. Segui, Jr.
SEGUI LAW FIRM, PC
864 Lowcountry Blvd., Suite A
Mt. Pleasant, SC  29464
Telephone:  (843) 884-1865
Email: psegui@seguilawfirm.com

-and-

John T. Chakeris
Alicia D. Petit
THE CHAKERIS LAW FIRM
231 Calhoun St.
Charleston, SC 29401
Telephone:  (843) 853-5678
Email: john@chakerislawfirm.com

*Attorneys for Plaintiff*

  This the 7th day of January, 2019.

            GOLDBERG SEGALLA LLP

            /s/ John I. Malone, Jr.
            John I. Malone, Jr. (S.C. Federal Bar No. 12047)
            David G. Harris II (S.C. Federal Bar No. 12039)
            800 Green Valley Road, Suite 302
            Greensboro, North Carolina  27407
            Telephone:  336.419.4910
            Facsimile:  336.419.4950
            jmalone@goldbergsegalla.com
            dharris@goldbergsegalla.com

            *Attorneys for Defendant Pennsylvania National Mutual Casualty Insurance Company*