# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| FENWICK COMMONS HOMEOWNERS ASSOCIATION, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | No. 2:19-cv-00057-DCN |
| vs. | ) ) ) | **ORDER** |
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, PORTRAIT HOMES-SOUTH CAROLINA, LLC, PORTRAIT HOMES-FENWICK COMMONS, LLC, JJA CONSTRUCTION, INC. D/B/A JJA FRAMING, JJA CONSTRUCTION, INC. D/B/A JJA FRAMING COMPANY, JOSE CASTILLO D/B/A JJA FRAMING, and JOSE CASTILLO D/B/A JJA FRAMING COMPANY, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The following matter is before the court on defendant Pennsylvania National Mutual Casualty Insurance Company's ("Penn National") motion to realign parties, ECF No. 8, and plaintiff Fenwick Commons Homeowners Association, Inc.'s ("Fenwick HOA") motion to remand, ECF No. 9. For the reasons set forth below, the court **GRANTS** Penn National's motion to realign and **DENIES** Fenwick HOA's motion to remand without prejudice.

## I. BACKGROUND

This case is an insurance coverage dispute that arises out of an underlying tort action. On September 18, 2018, Fenwick HOA brought a construction defect action in state court against several defendants, including Portrait Homes-South Carolina, LLC and Portrait Homes-Fenwick Commons, LLC (collectively, "Portrait entities"), as well as JJA

1

Construction, Inc. d/b/a JJA Framing, JJA Construction, Inc. d/b/a JJA Framing Company, Jose Castillo d/b/a JJA Framing, and Jose Castillo d/b/a JJA Framing Company (collectively, "JJA entities"). <u>Fenwick Commons Homeowners Association, Inc. v. Portrait Homes - South Carolina, LLC et al.</u>, Civil Action No. 2018-CP-10-330, pending in the Court of Common Pleas, Charleston County, South Carolina (the "Underlying Action"). ECF No. 1-2. Penn National was not named as a defendant in the Underlying Action. On November 27, 2018, Fenwick HOA brought the current declaratory judgment action in state court against Penn National, the JJA entities, and the Portrait entities (the "Declaratory Judgment Action"). ECF No. 1-1. On January 7, 2019, Penn National removed the Declaratory Judgment Action to federal court on diversity jurisdiction grounds and moved to realign the parties. ECF Nos. 1, 8. Fenwick HOA moved to remand this action. ECF No. 9.

In the Underlying Action, Fenwick HOA alleges that the JJA entities and the Portrait entities were involved in the construction of a townhome community known as Fenwick Commons located in Charleston, South Carolina. ECF No. 1-2. Fenwick HOA has asserted several claims against these defendants that arise out of alleged construction defects of the townhome community. Id. In the current Declaratory Judgment Action, Fenwick HOA alleges that Penn National issued certain commercial general liability policies to the JJA entities and named the Portrait entities as additional insureds. ECF No. 1-1 ¶¶ 11–12. Fenwick HOA asserts that these policies were intended to cover the type of damage alleged in the Underlying Action. Id. ¶ 14. While the Underlying Action remains pending in state court, Fenwick HOA seeks a declaration that Penn National is obligated to insure and indemnify the JJA entities and the Portrait entities against the

2

claims in the Underlying Action. Id. ¶¶ 15–18, 23. In the alternative, Fenwick HOA asks the court to reform the policies to cover those claims. Id. ¶ 22.

## II.  DISCUSSION

The court first addresses Penn National's motion to realign the JJA entities and Portrait entities as plaintiffs to avoid the requirement that these defendants consent to removal. The court next considers whether to abstain from exercising its jurisdiction over this case, per Fenwick HOA's motion to remand.

### A. Realignment of Parties

Penn National has removed this case based on diversity jurisdiction. Because Penn National has not received consent from the other defendants to remove the case as required, Penn National asks the court to realign JJA entities and Portrait entities as plaintiffs to avoid the consent requirement. The court grants the request to realign.

"The burden of demonstrating jurisdiction and therefore the propriety of removal rests with the removing party." Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 259 (4th Cir. 2013). Removal pursuant to 28 U.S.C. § 1441(a) provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(2)(A). "The Supreme Court has construed these statutes to require all defendants in the case to join in or consent to removal." Hartford Fire Ins. Co., 736 F.3d at 259. However, federal courts have recognized exceptions to this requirement, such as through a realignment of defendants as plaintiffs. Wayne J. Griffin Elec., Inc. v. Travelers Prop. Cas. Co. of Am., 2014 WL 842983, at *2

(M.D.N.C. Mar. 4, 2014).  When a court decides to realign defendants as plaintiffs, a defendant's lack of consent for removal can be deemed immaterial.  Id. at *6; see also Scottsdale Ins. Co., 811 F.Supp.2d 1220, 1222 n. 2 (E.D. Va. 2011) ("[D]efendants are not required to consent to removal given the realignment . . . as plaintiffs for jurisdictional purposes."); Gurney's Inn Resort & Spa Ltd. v. Benjamin, 743 F. Supp. 2d 117, 126 (E.D.N.Y. 2010) ("[R]ealignment … excus[es] [removing defendant's] failure to comply with the rule of unanimity."); Universal Concrete Prod. Corp. v. Peerless Ins. Co., 2008 WL 4104171, at *3 n.5 (D. Md. Aug. 21, 2008) ("parties aligned in interest with the plaintiff are not required to join or consent to the removal" (quoting Smilgin v. New York Life Ins. Co., 854 F.Supp. 464 (S.D. Tex. 1994))).

Although the JJA entities and the Portrait entities have not appeared in this action or consented to the removal of this action, Penn National contends that consent is not required because the interests of the JJA entities and the Portrait entities are aligned with Fenwick HOA.[1]  Therefore, Penn National asks the court to realign the JJA entities and the Portrait entities to be plaintiffs with Fenwick HOA to remove this case without the required consent.[2]  The Fourth Circuit applies the two-step principal purpose test to determine whether parties are properly aligned in a lawsuit.  The first step requires the

---

[1] Fenwick HOA "does not take issue with Penn National's argument that the case was properly removed." ECF No. 17 at 4.  Instead, as discussed further below, Fenwick HOA argues asks the court to decline to hear the case based on abstention grounds.

[2] The court notes that complete diversity would be retained were the court to realign the parties.  Federal district courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000. . . and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2).  Here, plaintiff Fenwick HOA is a citizen of South Carolina, defendants JJA entities are citizens of North Carolina, defendants Portrait entities are citizens of Illinois, and defendant Penn National is a citizen Pennsylvania.  ECF No. 1 at 3.

court to "determine the primary issue in the controversy." U.S. Fid. & Guar. Co. v. A & S Mfg. Co., 48 F.3d 131, 133 (4th Cir. 1995). The primary issue in the Declaratory Judgment Action is whether Penn National has a duty to provide coverage under its policies to the JJA entities and the Portrait entities for the claims asserted against them in the Underlying Action.

"Next, the court should align the parties according to their positions with respect to the primary issue." Id. In a declaratory judgment action involving an insurance company's policy coverage, the parties' interests are generally aligned based on whether they believe there is coverage of the damages that might underlie the claims for insurance. See Crout v. United Fin. Cas. Co., No. CIV.A. 1:10-649, 2010 WL 2998500, at *2 (D.S.C. July 28, 2010) (realigning insured defendant with the plaintiff in a declaratory judgment seeking reformation of insurance company's policy when defendant had an interest in the insurance company reforming the policy to cover a greater amount of damages); Marsh v. Cincinnati Ins. Co., 2008 WL 4614289, at *2 (D.S.C. Oct. 15, 2008) (realigning defendants with the insured plaintiff in a declaratory judgment action seeking insurance coverage when the defendants had an interest in establishing that the plaintiff was covered by the insurance policy). Thus, the court must consider whether defendants JJA entities and Portrait entities have an interest similar to Fenwick HOA's interest in having the court delcare that Penn National's insurance policies provide coverage for the claims in the Underlying Action.

Applying the principal purpose test to the facts at hand, the court first finds that the JJA entities and the Portrait entities have been named by Fenwick HOA as defendants in the Underlying action, as well as in the current Declaratory Judgment Action. Despite

the JJA entities and Portrait entities being in an adverse position to Fenwick HOA in the Underlying Action, those three parties have the same interest in the current action—namely in establishing that the policies issued to the JJA entities and Portrait Entities by Penn National provide coverage for the claims brought against them by Fenwick HOA in the Underlying Action.  Further, Fenwick HOA does not bring any claims against the JJA entities and the Portrait entities in the current action and does not seek any relief from them.  Rather, Fenwick HOA asks the court to "issue a Declaratory Judgment that Penn National is obligated to insure [the Portrait entities] and [the JJA entities] for the claims made by Plaintiff . . ." in the Underlying Action.  ECF No. 1-1 ¶ 23.  There is simply nothing to indicate why the JJA entities and the Portrait entities would be named as defendants in this action.  Thus, the court realigns them as plaintiffs along with Fenwick HOA and finds that Penn National need not obtain their approval to remove the matter.  The court grants Penn National's motion to realign and finds that removal was proper.

### B. Motion to Remand

Even though Fenwick HOA does not object to the removal, it asks the court to remand the declaratory judgment action based on abstention grounds.  ECF Nos. 9 and 17.  "A federal court has the discretion to decline to entertain a declaratory judgment action, but . . . the court must do so only for 'good reason.'"  Cont'l Cas. Co. v. Fuscardo, 35 F.3d 963, 965–66 (4th Cir. 1994) (quoting Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321, 324 (4th Cir. 1937)).  The Fourth Circuit has held that a district court should "normally entertain a declaratory action within its jurisdiction when it finds that the declaratory relief sought (i) will serve a useful purpose in clarifying and settling the legal relations in issue and (ii) will terminate and afford relief from the uncertainty, insecurity,

and controversy giving rise to the proceeding." Aetna Casualty & Surety Co. v. Quarles, 92 F.2d at 325. In making this determination, a district court must consider the following factors:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (3) whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law' and (4) whether the declaratory judgment action is being used merely as a device for 'procedural fencing'.

Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F3d 371, 377 (4th Cir. 1994).

The first factor—the state's interest in having this case resolved in state court—weighs equally in favor of the court exercising jurisdiction over this case as it does the court abstaining from exercising jurisdiction. The issue in the Declaratory Judgment Action is whether Penn National's commercial general liability policy will cover and indemnify JJA entities and Portrait entities against Fenwick HOA's claims in the Underlying Action. While the issues of insurance coverage are governed by state law, the questions of law are not difficult, complex, or unsettled to warrant declining to exercise jurisdiction. Id. at 378. Federal courts can analyze an insurance policy and are "unlikely to break new ground or be faced with novel issues of state interest." United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 494 (4th Cir. 1998). Therefore, there is no compelling state interest to having this issue heard in state court.

The second factor looks to whether this action can be more efficiently resolved in the Underlying Action. In evaluating this factor, the focus is on "whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court." Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491

(1942); see also Nautilus, 15 F3d at 377 (relying on Brillhart when evaluating the second factor). Under Brillhart, the district court should determine whether the matters in controversy between the parties in the federal suit can better be settled in a pending state court suit. Brillhart, 316 U.S. at 495. Courts should consider whether the claims of all parties in interest can be adjudicated in the pending state court proceeding, the scope of the pending proceeding, whether all necessary parties have been joined, and whether the parties are open to process in that proceeding. Id. As the Supreme Court noted in Brillhart, it would be uneconomical to proceed with an action in federal court where a pending state court suit presents the same issues, not governed by federal law, and is between the same parties. Id.

Here, the issue of coverage is not a question for resolution in the Underlying Action. The Underlying Action is simply a construction deficiency action whereas this action is a separate declaratory judgment claim against Penn National to indemnify the insureds for any claims brought against them in the Underlying Action. Further, Penn National is not a named party in the Underlying Action. The Declaratory Judgment action could not be any more efficiently solved in state court than in federal court because the issues and parties are not the same. Considering the factors in Brillhart, the court concludes that this issue would not be better resolved by the pending Underlying Action.

The third factor considers whether permitting this action to proceed in federal court would result in "unnecessary entanglement" between the federal and state court systems due to overlapping issues of law or fact. Entanglement is likely when many of the issues in the declaratory action are also being litigated by the same parties in the

related state court action.  Here, entanglement is unlikely.  First, Penn National is not named in the Underlying Action.  Therefore, no issues regarding Penn National's rights or obligations are likely to be addressed in that action.  And it is unlikely that the Underlying Action will address the same insurance coverage issues as in the Declaratory Judgment Action.  Second, the court will likely not be required to make any factual or legal findings that would adversely affect or conflict with the state court's decision-making process in the Underlying Action.  The question currently before this court is whether the claims alleged against the defendants in the Underlying Action fall within the purview of the insurance policies issued by Penn National.  As of right now, the court is presented with a purely legal question that will not require the court to make any factual findings that could influence the resolution of of the merits of the claims brought in the Underlying Action.  Therefore, permitting this action in federal court will not result in "unnecessary entanglement" between the federal and state court systems.  See Nautilus, 15 F3d at 377 (finding entanglement unlikely when the declaratory action involves a contract dispute and the underlying action is a tort claim); cf. Mitcheson v. Harris, 955 F.2d 235, 241 (4th Cir. 1992) (finding entanglement likely when the declaratory action required the court to decide on a critical issue that will be addressed in the pending state action).  However, should the need arise throughout the course of litigation for the court to wade into fact-finding in a manner that would impede upon the questions being considered by the state court in the Underlying Action, the court reserves its right to revisit this order and decide to abstain from hearing the case.

      Finally, the fourth factor this court considers is whether this action is being used as a device for procedural fencing.  There is no evidence here of a race to federal court to

resolve an issue in a favorable forum first while similar issues are pending in state court. Nautilus, 15 F3d at 380. Not only are the issues in this action different from the Underlying Action, this action was filed separately and independently to determine whether JJA entities and P entities will be indemnified if they are found liable in the underlying action. Therefore, this factor weighs in favor of exercising jurisdiction.

After a review of the Nautilus factors, the court finds that it should exercise jurisdiction over this case. However, it reserves the right to reconsider its ruling on the abstention issue.

### III. CONCLUSION

For the reasons set forth above, the court **GRANTS** Penn National's motion to realign and **DENIES** Fenwick HOA's motion to remand without prejudice.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 22, 2019**
**Charleston, South Carolina**